IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL MCVEY, <br><br> Plaintiff, <br><br> v. <br><br> GREASE MONKEY INTERNATIONAL, LLC, <br><br> Defendant. | CIVIL ACTION FILE NO. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, Mr. Michael McVey, by and through his undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant, Grease Monkey International, LLC, showing the court as follows:

### I. JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

2.  This Court has jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the Atlanta

Division of the Northern District of Georgia.

3. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

## II. PARTIES

4. Plaintiff is a citizen of the United States and a resident of Pinellas County, Florida.

5. Defendant is a Foreign Limited Liability Company based in Delaware and operating in Fulton County, Georgia.

6. Defendant may be served by delivering a copy of the Complaint and Summons to their registered agent: ℅ Cogency Global Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia, 30076.

7. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

8. Plaintiff became employed by Defendant in or around June 2018 as an Emission Inspector and Lube Technician.

9. During all times relevant to this Complaint, Plaintiff worked at Defendant's Douglasville location at 6289 Fairburn Road, Douglasville, Georgia 30135.

10. During all times relevant to this Complaint, Plaintiff had a positive

performance history with Defendant.

11. Plaintiff suffers from a seizure disorder caused by a previous traumatic brain injury.

12. Plaintiff's seizures are under control with a series of medications and lifestyle changes.

13. Plaintiff performed his job satisfactorily throughout his tenure with Defendant.

14. During all time periods relevant to this Complaint, Plaintiff reported to Mr. Shannon "Ambrose" Ryan.

15. Mr. Ryan was aware of Plaintiff's disability based on paperwork provided in October 2018 by Plaintiff.

16. After October 2018, Mr. Ryan made comments related to Plaintiff's disability.

17. Mr. Ryan joked that, "maybe if [Plaintiff] fell again, it would set [Plaintiff] right."

18. Mr. Ryan frequently made jokes about Plaintiff's memory issues.

19. Upon information and belief, Mr. Ryan did not make jokes about non-disabled employees.

20. On February 24, 2019, Plaintiff suffered a seizure before his shift.

21. Plaintiff called Mr. Ryan to inform him of Plaintiff's seizure that morning.

22. On February 25, 2019, Plaintiff's wife received a call from an employee of Defendant, Ms. Wendy LNU (last name unknown).

23. Ms. Wendy LNU indicated that she called at Mr. Ryan's direction.

24. On that call, Plaintiff's wife was informed that Plaintiff was required to come in on February 25, 2019, to submit to a drug test.

25. Ms. Wendy LNU indicated that Mr. Ryan required that Plaintiff submit to a drug test.

26. Upon information and belief, no non-disabled employee had been required to submit to a drug test as a result of an absence.

27. Upon information and belief, non-disabled employees were able to call out via text message.

28. Upon information and belief, non-disabled employees were not required to submit documentation for absences.

29. Plaintiff's wife informed Defendant employee Ms. Wendy LNU that Plaintiff was just being released from the hospital on bedrest and could not submit to a drug test that day, but would submit to one as soon as he could return to work.

30. Plaintiff's wife later received a call from Mr. Ryan, stating that Plaintiff was "done," thereby terminating Plaintiff's employment.

31. Over the next week, Plaintiff suffered several more seizures and was hospitalized again.

32. On or around March 4, 2019, Plaintiff returned to work and provided medical documentation and a medication list to Mr. Ryan.

33. Mr. Ryan refused to review Plaintiff's documentation.

34. Plaintiff offered to take the drug test on March 4, 2019.

35. Mr. Ryan refused to allow Plaintiff to submit to a drug test.

36. Plaintiff reported his concerns to Defendant Human Resources representative, Ms. Robin Braidman.

37. Ms. Braidman stated she would, "get back to [Plaintiff]."

38. Plaintiff later received a voicemail stating that Defendant would not be reinstating Plaintiff or investigating the incident.

39. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around July 24, 2019.

40. Plaintiff received his Notice of Right to Sue from the EEOC, dated August 24, 2020.

## IV. CLAIMS FOR RELIEF

### COUNT I: ADA DISCRIMINATION

41. Plaintiff reasserts and incorporates Paragraphs 1 through 40 of this

Complaint as if fully set forth herein.

42. Plaintiff is a member of a protected class by virtue of his disability. *Paras. 11-12.*

43. Defendant was aware of Plaintiff's disability. *Paras. 14-15.*

44. Plaintiff was qualified for the position at issue. *Para. 13.*

45. Plaintiff suffered an adverse action when he was terminated from his position. *Para. 30.*

46. The treatment of similarly-situated non-disabled employees of Defendant, versus that of Plaintiff, provides evidence of discriminatory animus. *Paras. 19, 26-29.*

47. Comments made regarding Plaintiff's disability provide evidence of discriminatory animus. *Paras. 16-18.*

48. Defendant's legitimate business reason for Plaintiff's termination is illegitimate. *Paras. 21-25, 29, 32-35.*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

A. Trial by jury;

B. Declaratory relief;

C. Reinstatement;

D. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

E. Punitive damages; and

F. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted this 23rd day of November, 2020.

                              THE KIRBY G. SMITH LAW FIRM, LLC

                              <u>s/Rachel B. Canfield</u>
                              Rachel B. Canfield
                              Georgia Bar No. 488716
                              Kirby G. Smith
                              Georgia Bar No. 250119
                              *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 23rd day of November, 2020.

                                   THE KIRBY G. SMITH LAW FIRM, LLC

                                   s/Rachel B. Canfield
                                   Rachel B. Canfield
                                   Georgia Bar No. 488716
                                   Kirby G. Smith
                                   Georgia Bar No. 250119
                                   *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 23rd day of November, 2020.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Rachel B. Canfield
        Rachel B. Canfield
        Georgia Bar No. 488716
        Kirby G. Smith
        Georgia Bar No. 250119
        *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com